Goldfeder v CenPark Realty LLC (2020 NY Slip Op 05852)





Goldfeder v CenPark Realty LLC


2020 NY Slip Op 05852


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Index No. 155687/16 Appeal No. 12128 Case No. 2019-3763 

[*1]Jeffrey H. Goldfeder, et al., Plaintiffs-Appellants,
v
CenPark Realty LLC, et al., Defendants-Respondents.


Vernon & Ginsburg, LLP, New York (Darryl M. Vernon of counsel), for appellants.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered April 9, 2019, which, inter alia, denied plaintiffs' motion for summary judgment and granted defendants' motion for summary judgment dismissing this rent overcharge action, unanimously affirmed, without costs.
In previous litigation, Supreme Court, New York County held that plaintiffs' apartment was rent-stabilized as of the date of judgment, since luxury deregulation was unlawful while the landlord was receiving J-51 tax benefits (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 285-287 [2009], affg 62 AD3d 71 [1st Dept 2009]). Plaintiffs now seek rent overcharges based on an allegedly illegal base date rent.
As an initial matter, the Housing Stability and Tenant Protection Act of 2019 does not govern this action (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, __ NY3d __ , 2020 NY Slip Op 02127 [2020]; 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509, 509-510 [1st Dept 2020]). Instead, the former four-year statute of limitations, lookback period, and damages provisions apply (former CPLR 213-a; former Administrative Code of City of NY §§ 26-512[a][2], 26-516[a]).
Concerning plaintiffs' initial rent, the fair market rent agreed upon in plaintiffs' initial lease comported with applicable law (Administrative Code § 26-512[b][2]), as the unit became rent-stabilized by operation of law when the previous rent-controlled tenant vacated the prior year (Administrative Code § 26-403[e][2][i][9]; Matter of Verbalis v New York State Div. of Hous. & Community Renewal, 1 AD3d 101, 102 [1st Dept 2003]). Plaintiffs concede that they were served with an Initial Apartment Registration Form, but did not bring a Fair Market Rent Appeal before the Division of Housing and Community Renewal (Admin. Code of City of N.Y. § 26-513[b][1], [d]; Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 481 [2008]).
As to the alleged rent overcharges, plaintiffs do not show that "a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date" (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]). "[T]he fraud exception to the lookback rule is generally inapplicable to Roberts overcharge claims," where the landlord relied on pre-Roberts administrative guidance to deregulate (Matter of Regina Metro., 2020 NY Slip Op at *6, citing Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 398 [2014]). That plaintiffs rented the unit after this Court's decision in Roberts is of no moment, since this Court's decision was stayed pending appeal to the Court of Appeals. Also, the retroactivity of Roberts was not settled until March 2012 (see Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 110 [1st Dept 2017], lv dismissed 30 NY3d 961 [2017]; Gersten v 56 7th Ave. LLC, 88 AD3d 189, 198 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]).
Plaintiffs failed to demonstrate that individual apartment improvements between the tenancies were not performed (compare Nolte v Bridgestone Assoc. LLC, 167 AD3d 498, 498-499 [1st Dept 2018]). While defendants' condominium conversion plan should have identified the unit as rent-stabilized, and defendants should not have waited until 2015 to register the unit, their application for high-income deregulation was not improper, as the J-51 tax benefits had long expired (Administrative Code § 26-504[c]; former Administrative Code § 26-504.1). Further, their action seeking to declare the unit deregulated due to their reliance on the pre-Roberts regulations, though unsuccessful, was not fraudulent (see Matter of Regina Metro., __ NY3d __, 2020 NY Slip Op 02127, at *5 n 7 [fraud requires "representation of material fact, falsity, scienter, reliance and injury"] [internal quotation marks omitted]).
Finally, defendants demonstrated that there were no rent overcharges, as the one increase during the applicable four-year lookback period was lower than the maximum allowed by the rent guidelines.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020