Hess v EDR Assets LLC (2023 NY Slip Op 03307)

Hess v EDR Assets LLC

2023 NY Slip Op 03307

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 160494/17 Appeal No. 492 Case No. 2022-04910 

[*1]Michele E. Hess et al., Plaintiffs-Respondents,
v
EDR Assets LLC et al., Defendants-Appellants.

Katsky Korins LLP, New York (Adrienne B. Koch of counsel), for appellants.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondents.

Order, Supreme Court, New York County (Frank P. Nervo, J), entered October 7, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment to the extent of directing application of the default formula for calculating the legal regulated rent of the apartments at issue under Rent Stabilization Code (RSC) § 2522.6(b), unanimously reversed, on the law, without costs, and the motion denied.
While plaintiffs presented documentary evidence that defendants delayed in re-registering apartments after Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]) was decided and applied retroactively, which we noted "may" support a finding of fraud (Hess v EDR Assets LLC, 200 AD3d 491, 492 [1st Dept 2021]), they did not eliminate issues of fact as to whether defendants acted with the requisite scienter to support a finding of a fraudulent scheme and thus application of the default formula (see Casey v Whitehouse Estates, Inc., 39 NY3d 1104, 1106 [2023]; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 356 [2020]). Since deregulation of apartments often involves misinterpretations of the law, rather than willfulness which is a requirement of fraud, "the fraud exception to the lookback rule is generally inapplicable to Roberts overcharge claims" (id. at 356; see also Goldfeder v Cenpark Realty LLC, 187 AD3d 572, 573 [2020]). A misinterpretation of the law on its own cannot form the basis of a fraudulent scheme to deregulate one or more apartments (Casey, 39 NY3d at 1106). Further, an increase in rent in combination with a failure to register apartments, without more, is not sufficient indicia of a fraudulent scheme (Tribbs v 326-338 E 100th LLC, 215 AD3d 480 [1st Dept 2023]). Rather, fraud requires "evidence of a representation of material fact, falsity, scienter, reliance and injury" (Regina, 35 NY3d at 356 n 7). However, "willful ignorance" of relevant law may support a finding of scienter necessary to establish a fraudulent scheme to deregulate (Montera v KMR Amsterdam LLC, 193 AD3d 102, 109 [1st Dept 2021]).
Here, there is an issue of fact as to whether the scienter requirement for fraud is met. The evidence shows that defendants did not re-register all units in the building as rent stabilized for years after Roberts (13 NY3d 270)and Gersten v 56 7th Ave. LLC (88 AD3d 189 [1st Dept 2011] [determining that Roberts applies retroactively], appeal withdrawn 18 NY3d 954 [2012]) were decided, and from 2013 to 2017, defendants entered into leases and renewal leases that purported to waive any protections of rent regulations. They did not change their behavior until September 2017, after three notices from DHCR. This evidence could support a finding of fraud. Conversely, the evidence submitted by defendants in opposition to plaintiffs' motion could support a finding that they had a reasonable good-faith belief that all apartments in the building did not have to [*2]be re-registered, since they had received only prorated J-51 benefits based upon the number of rent-regulated apartments at the time of their application and due to the confusingly drafted 2016 DHCR notice. Thus, summary judgment ordering application of the default formula based upon a fraudulent scheme to deregulate (RSC 2522.6[b][2][iii]) was not warranted, and it appears that the issue of scienter will have to be decided at trial.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023