Zitman v Sutton LLC (2021 NY Slip Op 03567)





Zitman v Sutton LLC


2021 NY Slip Op 03567


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 652015/18 Appeal No. 14017 Case No. 2020-04016 

[*1]Haim Zitman, Plaintiff-Appellant,
v
Sutton LLC, et al., Defendants-Respondents.


The Elan Firm, Port Washington (Robert I. Elan of counsel), for appellant.
Cullen & Associates P.C., New York (Robert J. Marino of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 3, 2020, which granted defendant Stellar Sutton LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In this rent overcharge case, plaintiff argues that defendant's predecessor in interest engaged in fraud in increasing the rent on his rent-stabilized apartment and therefore that a review of the apartment's rent history beyond the four-year lookback period is authorized by the law in effect before the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) was enacted (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332 [2020]) is warranted (see also 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509, [1st Dept 2020] [finding that the fraud exception to the four-year lookback period applies both to a fraudulent scheme to deregulate and to a fraudulent overcharge scheme]; Matter of Grimm v State of N.Y. Div. of Hous. Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]). However, the record does not support plaintiff's contention that the landlord engaged in a fraudulent overcharge scheme. It shows that although plaintiff was initially charged an unregulated rent of $1,800 per month, shortly thereafter, the landlord agreed, as plaintiff admits, to reduce his rent to $1,200 per month, which was then registered with the Division of Housing and Community Renewal (DHCR) as the legal regulated rent for the apartment in October 1988. There is no evidence that any subsequent increase was the result of fraud or was otherwise improper. The DHCR rent history for the four-year lookback period shows that the rent increases were within the rates permitted by the relevant Rent Guidelines Board orders and the DHCR-approved major capital improvement increase for repairs to the building. A single increase in rent, without more, is insufficient to establish fraud warranting review beyond the lookback period (Grimm, 15 NY3d at 367).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021