435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC (2020 NY Slip Op 03059)





435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC


2020 NY Slip Op 03059


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11474 452296/16

[*1]435 Central Park West Tenant Association, et al., Plaintiffs-Respondents,
v
Park Front Apartments, LLC, Defendant-Appellant.


Quinn Emanuel Urquhart & Sullivan, LLP, New York (Kathleen M. Sullivan of counsel), for appellant.
The Legal Aid Society, New York (Jason Wu of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered November 1, 2019, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the cause of action alleging rent overcharge, unanimously affirmed, without costs.
Plaintiffs are 435 Central Park West Tenant Association, an unincorporated association comprising low and moderate income tenants of the subject building located at 435 Central Park West, New York, NY, and individual tenants of the building. Plaintiffs commenced this action against defendant Park Front Apartments, LLC, the current owner of the building, seeking a declaratory judgment that plaintiffs' tenancies are subject to the Rent Stabilization Law (the RSL) and damages stemming from overcharging. On a prior appeal, this Court declared that the building in question was subject to the RSL as of April 12, 2011, when the U.S. Department of Housing and Urban Development's (HUD) oversight of the property ceased (435 Central Park West Tenant Association et al. v Park Front Apartments, LLC, 164 AD3d 411 [1st Dept 2018]). The action then continued on the tenant's cause of action for rent overcharge under the RSL.
On June 14, 2019, while this action was pending, New York State enacted the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) (HSTPA). This legislation made comprehensive changes to the rent laws. As relevant here, part F of the HSTPA, which amended RSL of 1969 (Administrative Code of City of NY) § 26-516 and CPLR 213-a, govern claims of rent overcharge and the statute of limitations for bringing such claims. However, the Court of Appeals has determined that the HSTPA, which requires that the entire rent history be examined, cannot be retroactively applied to overcharges alleged to have occurred before the HSTPA's enactment in 2019 (see Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal ( __ NY3d __, 2020 NY Slip Op 02127, *9 ["We conclude that the overcharge calculation amendments (of the HSTPA) cannot be applied retroactively to overcharges that occurred prior to their enactment."]). Thus, the changes made therein are not applicable here, and the pre-HSTPA law applies, which Regina described as follows:
"The rule that emerges from our precedent is that, under the prior law, review of rental history outside the four-year lookback period was permitted only in the limited category of cases where the tenant produced evidence of a fraudulent scheme to deregulate and, even then, solely to ascertain whether fraud occurred — not to furnish evidence for calculation of the base date rent or permit recovery for years of overcharges barred by the statute of limitations (Grimm, 15 NY3d at 367). In fraud cases, this Court sanctioned use of the default formula to set the base date rent. Otherwise, for overcharge calculation purposes, the base date rent [*2]was the rent actually charged on the base date (four years prior to initiation of the claim) and overcharges were to be calculated by adding the rent increases legally available to the owner under the RSL during the four-year recovery period. Tenants were therefore entitled to damages reflecting only the increases collected during that period that exceeded legal limits" (Regina Metro. Co., LLC,2020 NY Slip Op 02127, *5).
Applying pre-HSTPA law, plaintiffs' overcharge claims fail unless they can prove fraud because, as indicated, the RSL imposed a four-year statute of limitations and lookback period on overcharge claims (id.). Plaintiffs, however, claim that the HUD rent in effect on the last day of federal oversight, April 11, 2011, was an illegal rent and thus could not be used as the initial legal regulated rent (base rent) to determine whether defendant engaged in a fraudulent rent overcharge scheme to raise the pre-stabilization rent of each apartment. We find that plaintiffs have submitted sufficient evidence to raise an issue of fact of whether defendant tampered with a recertification process provided for under the Use Agreement, and pressured and misled tenants, for the purpose of improperly raising rents at Use Agreement "Market" rates far higher than the Use Agreement "Contract" rates.
We reject defendant landlord's argument that the fraudulent exception to the four-year lookback period applies only to a fraudulent-scheme-to-deregulate case. In the event it is proven that defendant engaged in a fraudulent rent overcharge scheme to raise the pre-stabilization rent of each apartment, tainting the reliability of the rent on the base date, then the lawful rent on the base date for each apartment must be determined by using the default formula devised by DHCR (Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 02127, *5;see also Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358 [2010]; Thornton v Baron, 5 NY3d 175 [2005]; Matter of ), and plaintiffs' recovery would be limited to those overcharges occurring during the four-year period immediately preceding plaintiffs' rent challenge.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK