Davis v Graham Ct. Owners Corp (2022 NY Slip Op 07497)

Davis v Graham Ct. Owners Corp

2022 NY Slip Op 07497

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 153293/14 Appeal No. 16976-16977-16978 Case No. 2022-01069, 2022-01782, 2022-02595 

[*1]Melvy J. Davis, Plaintiff-Respondent,
v
Graham Court Owners Corp, Defendant-Appellant Bennett Schwarzmann, et al., Defendants. 

Kenneth J. Glassman, New York, for appellant.

Judgment, Supreme Court, New York County (Arthur Engoron, J.), entered June 17, 2022, awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered December 6, 2021, which, after a nonjury trial, determined, among other things, that defendant Graham Court Owners Corp. committed fraud by deregulating plaintiff's apartment before capital improvements were made and that plaintiff was entitled to attorneys' fees as the prevailing party, and order, same court and Justice, entered March 8, 2022, which denied so much of defendant's motion as sought additional discovery on the issue of attorneys' fees, and an order, same court and Justice, entered April 28, 2022, which denied defendant's motion to recall the portions of the orders entered December 6, 2021 and March 8, 2022 holding that plaintiff was entitled to attorneys' fees and directing a hearing on attorneys' fees and granted plaintiff's cross motion for attorneys' fees, unanimously modified, on the law, to the extent that plaintiff's cross motion for attorneys' fees is denied, and otherwise affirmed, without costs. Appeals from the orders entered March 8, 2022 and April 28 2022 unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court's finding that defendant engaged in a fraudulent scheme to deregulate the subject apartment by claiming fictional individual apartment improvements (IAIs), which rested largely on credibility determinations, was based on a fair interpretation of the evidence (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 54-55 [1st Dept 1997]). At trial, plaintiff testified that the apartment was uninhabitable at the time he took possession. This testimony was corroborated by three witnesses. While defendant's witness testified that he spent $60,000 on IAIs, his credibility was called into question, and defendant failed to produce other admissible proof showing that the improvements were made. Although the court erroneously found that plaintiff entered into the lease in November 2002, as opposed to May 2003, such error was immaterial in view of the evidence establishing that the apartment was uninhabitable at the time plaintiff took possession.
Because the court found that there was fraud, it properly applied the default formula in determining the legal rent (see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 365-366 [2010]; Thornton v Barton, 5 NY3d 175, 181 [2005]; 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509, 510 [1st Dept 2020]).
The motion court, however, erred in granting plaintiff's cross motion for attorneys' fees. The record reflects that plaintiff waived his right to attorneys' fees when he withdrew that claim with prejudice on the record and in open court as part of a partial settlement of the action during trial.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION [*2]AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022