Crest I LP v Ventura (2023 NY Slip Op 23355)

[*1]

Crest I LP v Ventura

2023 NY Slip Op 23355

Decided on November 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on November 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570666/23
Crest I LP, Petitioner-Landlord-Respondent,
against
Rosa Ventura, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), dated March 1, 2021, which denied her motion for discovery and granted landlord's cross motion to dismiss tenant's defense and counterclaim for rent overcharge in a nonpayment summary proceeding.

Per Curiam.
Order (Jean T. Schneider, J.), dated March 1, 2021, affirmed, without costs.
Civil Court properly dismissed tenant's rent overcharge defense and counterclaim. In Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 363 (2020), the Court of Appeals determined that the Housing Stability and Tenant Protection Act of 2019 (HSTPA), which requires that the entire rent history be examined, cannot be retroactively applied to overcharges alleged to have occurred before the HSTPA's enactment in 2019. Here, tenant's overcharge claim and defense, interposed in 2020, are based solely upon a large and unexplained increase in rent that occurred prior to the commencement of tenant's first lease in 2010. Therefore, the pre-HSTPA law governs the parties' overcharge dispute.
Applying pre-HSTPA law, the four-year statute of limitations for overcharge claims and the four-year lookback rule precludes examination of an apartment's rental history more than four years before the commencement of an overcharge action, unless tenant has made a colorable claim of fraud (see Regina at 355). No such fraud claim is made herein, and therefore, review of the rent history outside the four-year lookback period is precluded in this case (see 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509 [2020]). As a result, the increase in rent in 2010, which was prior to the (2016) base date, may not be considered, even though this increase resulted in a higher base date rent (see Regina at 359-360 ["Prior to the HSTPA, nothing in the rent stabilization scheme suggested that where an unrecoverable overcharge occurred before the base date, thus resulting in a higher base date rent, the four-year lookback rule operated differently. To the contrary, the limitations provisions — in order to promote repose — precluded consideration of overcharges prior to the recovery period"]; see also Austin v 25 Grove St. LLC, 202 AD3d 429, 430 [2022]). Accordingly, the claim and defense were properly dismissed.
We have considered tenant's remaining arguments, to the extent properly before us on [*2]appeal, and find them lacking in merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 17, 2023