Queens Fresh Meadows, LLC v Beckford (2025 NY Slip Op 50499(U))

[*1]

Queens Fresh Meadows, LLC v Beckford

2025 NY Slip Op 50499(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-671 Q C

Queens Fresh Meadows, LLC, Appellant,
against
Jermaine Beckford and Gillian Beckford, Respondents, and "John Doe" and/or "Jane Doe," Undertenants. 

Belkin, Burden, Goldman, LLP (Magda L. Cruz of counsel), for appellant.
The Legal Aid Society-Queens Office (Jay Hedges of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Logan J. Schiff, J.), dated June 8, 2023 (op 79 Misc 3d 1208[A], 2023 NY Slip Op 50552[U] [2023]). The order, insofar as appealed from as limited by the brief, upon denying landlord's cross-motion for, among other things, summary judgment on the petition and the dismissal of tenants' affirmative defenses and counterclaims in a holdover summary proceeding, searched the record and awarded tenants summary judgment dismissing the petition.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Landlord alleged in the petition in this holdover proceeding that the subject apartment is not subject to rent stabilization because it had been luxury decontrolled. Tenants interposed affirmative defenses and counterclaims alleging, insofar as is relevant to this appeal, that the apartment was not properly luxury decontrolled and is, therefore, rent stabilized. Tenants moved for leave to conduct discovery, which motion was later withdrawn, and landlord cross-moved for, among other things, summary judgment on the petition and to dismiss tenants' affirmative defenses and counterclaims. Landlord appeals, as limited by its brief, from so much of an order of the Civil Court (Logan J. Schiff, J.) dated June 8, 2023 as, upon denying landlord's cross-motion, searched the record and awarded tenants summary judgment dismissing the petition on the ground that the apartment is rent-stabilized, rendering the petition fatally defective.
It is undisputed that the subject building received J-51 tax benefits which ended in June [*2]of 2012, and that the subject apartment was rent stabilized prior to receipt of the J-51 benefits. Landlord's position is that the apartment was properly luxury decontrolled at the commencement of a 2014 vacancy lease, at which time the legal rent surpassed the luxury decontrol threshold then in effect. Tenants have consistently argued in the Civil Court and on appeal that landlord's failure to register its rents with the Division of Housing and Community Renewal (DHCR) for several years before 2014 resulted in a rent freeze which precluded luxury decontrol. Landlord argues that its failure to register was based on the then-common "misunderstanding," corrected by the Court of Appeals in 2009, that units could be luxury decontrolled while the building was still accepting J-51 benefits (Roberts v Tishman Speyer Props., L.P.,13 NY3d 270 [2009]). Therefore, landlord argues, a rent freeze is inappropriate (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 358 n 9 [2020] ["rent freezing is inapplicable in Roberts cases where the failure to timely register resulted directly from DHCR's endorsement of a misunderstanding of the law"]). The record demonstrates that landlord registered the apartment as exempt from rent stabilization in 2006 and stopped filing registrations with DHCR in 2007. It was not until after the commencement of this proceeding that landlord, in 2023, filed registrations for the years 2007-2013. Those registrations, and the leases for those periods, show that the legal rent for the subject apartment did not surpass the $2,000 luxury decontrol threshold in effect at that time until, at the earliest, 2008. Since the legal regulated rent did not allow for luxury decontrol in 2006, regardless of the J-51 status of the building, landlord's failure to register the subject apartment starting in 2007 was, demonstrably, not based upon the pre-Roberts misunderstanding.
"Where an owner fails to file a proper and timely registration, until such registration is filed, the rent is frozen at the legal regulated rent listed in the preceding registration statement" (Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 684 [2011]; see Rent Stabilization Law of 1969 [RSL] [Administrative Code of City of NY] § 26-517 [e]; Jazilek v Abart Holdings, LLC, 72 AD3d 529, 531 [2010]). Generally, "amended registrations have no retroactive effect" (125 Ct. St., LLC v Sher, 58 Misc 3d 150[A], 2018 NY Slip Op 50092[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Here, the legal rent was frozen at $1,500.81, registered in 2005 for a lease in effect from September 1, 2004 through August 31, 2005. Landlord's filing of late registrations in 2023 only resulted in the prospective lifting of the rent freeze as of 2023 (see RSL § 26-517 [e] ["The filing of a late registration shall result in the prospective elimination of such sanctions," including the prohibition against applying for a rent increase]). As the subject apartment was not properly luxury decontrolled, it is subject to rent stabilization and, thus, this holdover proceeding, based solely on the expiration of the lease and service of a 90-day notice (see Real Property Law § 226-c), does not lie (see Rent Stabilization Code [9 NYCRR] §§ 2524.2, 2524.3, 2524.4; Beverly Holding NY, LLC v Blackwood, 63 Misc 3d 160[A], 2019 NY Slip Op 50877[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
We reach no other issue.
Accordingly, the order, insofar as appealed from, is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025