304-306 E 83 Realty, LLC v Mason (2025 NY Slip Op 25104)

[*1]

304-306 E 83 Realty, LLC v Mason

2025 NY Slip Op 25104

Decided on April 25, 2025

Civil Court Of The City Of New York, New York County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 25, 2025
Civil Court of the City of New York, New York County

304-306 E 83 Realty, LLC, Petitioner,

against
Joseph Mason, JOHN DOE, JANE DOE, Respondents.

Index No. L&T 313307/22

Jeffrey Klarsfeld, Esq.
Platte, Klarsfeld & Levine, LLP
New York, NY
Attorneys for petitioner
William E. Leavitt, Esq.
New York, NY
Attorney for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion for summary judgment and petitioner's cross-motion for summary judgment, dismissal of respondent's second counterclaim, and for use and occupancy:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #40-49) 
Notice of Cross-Motion & All Documents Annexed 2 (NYSCEF #50-61)
Affirmation in Reply/in Opposition to Cross-Motion & All
Documents Annexed 3 (NYSCEF #62-65)
Reply Affirmation (in Support of Cross-Motion) & Exhibit 4 (NYSCEF #66-67)
Upon the foregoing cited papers, the decision and order on respondent's motion for summary judgment and petitioner's cross-motion for summary judgment and additional relief (consolidated for determination herein) is as follows.
PROCEDURAL HISTORY
This summary holdover proceeding based upon a notice of nonrenewal of tenancy was filed in September 2022. The petition alleges that the premises are not subject to rent regulation because of prior high-rent decontrol. Respondent appeared through counsel and interposed an answer with counterclaims. 
Subsequently, respondent moved for discovery. The motion was settled, and the proceeding was marked off-calendar while discovery occurred. The proceeding was restored by stipulation in February 2024 and the instant motions were made thereafter. Following multiple adjournments for briefing, this court heard argument on the motions on April 8, 2025 and reserved decision.
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
Respondent's motion seeks dismissal of the petition and for the rent overcharge counterclaim to be set down for a trial. The primary basis for dismissal is the claim that the premises is subject to rent stabilization because of petitioner's receipt of a J-51 tax abatement at the time of petitioner's purported deregulation of the subject apartment. The motion is supported by Department of Housing Preservation and Development (HPD) certified records, including a Certificate of Eligibility for a J-51 tax abatement for a period of 14 years dated March 26, 2003.
Petitioner does not present any relevant opposition to the request for dismissal; instead, petitioner's arguments go to the merits of respondent's overcharge counterclaim. The Court of Appeals held in Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 286 [2009] that rent-stabilized units cannot be luxury decontrolled while the building is subject to a J-51 tax abatement. As succinctly summarized by the Court of Appeals in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 350 [2020], "[i]n Roberts, this Court rejected DHCR's long-standing statutory interpretation and concluded that luxury deregulation was unavailable in any building during receipt of J-51 benefits." (emphasis added). As it is not credibly disputed that petitioner received J-51 benefits from the period of at least 2003 to 2017, petitioner's purported deregulation of the subject premises by high-rent decontrol in 2014 (as reflected in the January 7, 2014 lease with former tenants Rheana Murray and Liam O'Connell, which is annexed as an exhibit by both parties) was improper as a matter of law (see Roberts, 13 NY3d at 286-287).[FN1]
Accordingly, as the petition misstates the regulatory status of the subject premises and fails to state a cause of action under the Rent Stabilization Code, dismissal is appropriate (see Queens Fresh Meadows, LLC v Beckford, 2025 NY Slip Op 50499[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025] ["As the subject apartment was not properly luxury decontrolled, it is subject to rent stabilization and, thus, this holdover proceeding, based solely on the expiration of the lease and service of a 90-day notice . . . does not lie."] [internal citations omitted]). Respondent's motion to dismiss is granted and the petition is dismissed. The clerk shall issue a judgment dismissing the petition (see CPLR § 411).
The court will address respondent's request to set his overcharge counterclaim down for a trial in the context of petitioner's cross-motion for summary judgment.
[*2]CROSS-MOTION FOR SUMMARY JUDGMENT & TO DISMISS COUNTERCLAIM
Petitioner seeks dismissal of respondent's second counterclaim, which alleges rent overcharge, and, in effect, summary judgment upon said counterclaim. The counterclaim alleges that respondent has been overcharged under the laws governing rent stabilization since the inception of the tenancy in 2019. Petitioner asserts in its motion that the counterclaim should be dismissed because the purported increases giving rise to any overcharge occurred beyond the 4-year lookback rule applicable pre-HSTPA (Housing Stability and Tenant Protection Act) overcharge claims and nothing is pleaded or proven to show fraud that would warrant reviewing the rental history before the base date. Respondent opposes the motion in all respects.
On a motion to dismiss, the complaint (or counterclaim, as here) "must be construed in the light most favorable to [the pleading party] and all factual allegations must be accepted as true." (Burrows v 75-25 153rd St., LLC, 2025 NY Slip Op 01669, *2 [2025]). A party may submit evidence in opposition to a motion to dismiss, which results in the court assessing whether a party has a cause of action, rather than whether it has stated one (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]).
In opposition to petitioner's motion, respondent references the improper deregulation of the subject premises while the building was subject to a J-51 tax abatement, the failure to file registrations with DHCR after the purported deregulation, NYC DOB (Department of Buildings) records, and an affidavit from Christopher J. Leahy, a licensed general contractor, which challenges the amounts purportedly spent on individual apartment improvements (IAIs) in 2013. 
In support of its argument that the overcharge counterclaim should be dismissed, petitioner references leases before and after the purported decontrol of the subject premises, as well as an affidavit from Michael Tauber, a member of petitioner, and a partial transcript of Mr. Tauber's deposition, wherein he testified that he was unaware of the J-51 tax abatement. Petitioner asserts that respondent has not adequately demonstrated fraud to permit review of the rental history in 2013 and 2014, when the premises was purportedly deregulated.
Recently, there has been a flurry of appellate caselaw on the subject of rent overcharge, which has clarified the standard for the fraud exception to the 4-year statute of limitations for pre-HSTPA overcharges, following a period of divergent interpretations in the wake of the Court of Appeals' decision in Regina. In Burrows, 2025 NY Slip Op 01669, *3 [2025], the Court of Appeals held that a party "must allege sufficient indicia of fraud, or a colorable claim of a fraudulent scheme to evade the protections of the rent stabilization laws, to withstand a motion to dismiss[.]" The Burrows Court specifically held that the Appellate Division had erred in requiring the demonstration of "reasonable reliance" for the fraud exception to apply (Burrows, 2025 NY Slip Op 01669, *2-3). In addition, the Appellate Division, First Department, in Reichenbach v Jacin Invs. Corp., 2025 NY Slip Op 02023 [1st Dept 2025], and the Appellate Division, Second Department, in Gomes v Vermyck, LLC, 2025 NY Slip Op 00849 [2d Dept 2025], both endorsed the fraud standard incorporated in the Chapter Amendments [L 2024, ch 95], the relevant language of which directs courts to determine whether "a colorable claim that an owner has engaged in a fraudulent scheme to deregulate a unit [exists] . . . after a consideration of the totality of the circumstances" (L 2024, ch 95, § 2-a). While not seamless, the standards endorsed in Burrows and codified in the Chapter Amendments are substantially similar, since they do not insist upon each element of common law fraud being demonstrated (compare Burrows, 2025 NY Slip Op 01669, *2 ["[T]he fraud exception serves a far different purpose than an allegation of common law fraud. The fraud exception, applicable [*3]only to an overcharge claim, simply allows for review of the rental history outside the four-year lookback period[.]", with L 2024, ch 95, § 2-a ["[T]here need not be a finding that all of the elements of common law fraud . . . were satisfied in order to make a determination that a fraudulent scheme to deregulate a unit was committed[.]"]). 
Upon due consideration of the record on petitioner's cross-motion, the court finds that respondent has adequately set forth a rent overcharge counterclaim that should proceed to trial. To the extent that a showing of fraud is necessary to attack the rent increases in 2013 and 2014, respondent has adequately made out a colorable claim under Burrows and the Chapter Amendments. The purported deregulation of the premises while petitioner was in receipt of a J-51 tax abatement after the decisions in Roberts and Gersten made clear that luxury decontrol was not available and the failure to file registrations thereafter are relevant indicia of potential fraud (see Montera v KMR Amsterdam LLC, 193 AD3d 102, 106 [1st Dept 2021] ["Regina does not grant an owner carte blanche in post-Roberts/Gersten cases to willfully disregard the law, by failing to re-register illegally deregulated apartments, enjoying tax benefits while continuing to misrepresent the regulatory status of the apartments, and taking steps to comply with the law only after [a] scheme is uncovered."]; Nolte v Bridgestone Assoc. LLC, 167 AD3d 498, 498-499 [1st Dept 2018]); see also Gomes, 2025 NY Slip Op 00849, *8 ["We agree with plaintiffs that the defendant's continued deregulation of apartments in the face of these court decisions [Roberts, Gersten, and Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382 [2014]], provides evidence that could support finding a fraudulent scheme to deregulate[.]"]; Nájera-Ordóñez v 260 Partners, L.P., 217 AD3d 580, 581 [1st Dept 2023]). While petitioner asserts through its member, Mr. Tauber, that it was unaware of the J-51 abatement because it was obtained by a prior owner "unbeknownst" to petitioner (Tauber Aff., ¶ 6), this only raises an issue of fact as to petitioner's knowledge; it does not conclusively defeat the fraud claim.[FN2]

Additionally, respondent has, through the affidavit of Christopher J. Leahy and the DOB job/permit application for Apartment 5A (the subject apartment), signed off on June 19, 2014, adequately challenged the legitimacy of the total cost of the work done (and resulting IAIs) in the apartment following the vacancy that precipitated the purported deregulation through luxury decontrol (see Reichenbach, 2025 NY Slip Op 02023, *3; Barros v Bokonos 243, LLC, 233 AD3d 472, 472 [1st Dept 2024]; Davis v Graham Ct. Owners Corp., 211 AD3d 629, 630 [1st Dept 2022]).
As respondent's overcharge counterclaim is not meritless and issues of fact remain to be resolved, petitioner's motion to dismiss the counterclaim and for summary judgment are denied. Conversely, the prong of respondent's motion seeking a trial on his overcharge counterclaim is granted. As the petition is dismissed, petitioner's motion for use and occupancy is denied, without prejudice to any claims in a plenary action (see Fieldbridge Assoc., LLC v. Sanders, 70 [*4]Misc 3d 140[A], 2021 NY Slip Op 50128[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
CONCLUSION
The parties' respective motions are disposed in accordance with the determinations made herein. The petition is dismissed, and the clerk shall render a judgment dismissing the petition. Respondent's counterclaims will be restored for transfer to Part X on May 21, 2025 at 9:30 AM in Part D, Room 524.
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: April 25, 2025
New York, New York
HON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:A tenant may challenge the "deregulated status of an apartment at any time during the tenancy." (Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [1st Dept 2011], appeal withdrawn, 18 NY3d 954 [2012]). Moreover, there is no statute of limitations for challenging deregulation (see Liggett v Lew Realty LLC, 42 NY3d 415, 422 [2024]; Cox v 36 S Oxford St, LLC, 2025 NY Slip Op 02408, *1-2 [1st Dept 2025]).

Footnote 2:The court notes that the relevant Chapter Amendments provision requires a demonstration that the "owner knowingly engaged" in a fraudulent scheme (L 2024, ch 95, § 2-a). Of relevance, however, are the presumption of carryover liability to a successor owner and the principle that "a purchaser is expected to do its due diligence and discover what there is to be known at the time title is acquired" (Le Bihan v 27 Wash. Sq. N. Owner LLC, 205 AD3d 616, 617 [1st Dept 2022]; see also Matter of 197 Madison Holdings LLC v NYS Div. of Hous. & Community Renewal, 231 AD3d 440, 441 [1st Dept 2024]).