## 656 W. 162nd St. Tenants Assn. v 656 Realty LLC

2025 NY Slip Op 32267(U)

June 26, 2025

Supreme Court, New York County

Docket Number: 151733/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                          PART     33M

                                        Justice

-----------------------------------------------------------------------X

656 WEST 162ND ST TENANTS ASSOCIATION, SANTA
NAUT, LUCIA ORTEGA, KATE GILL, DENISE MARTE,
PETER FRIEDRICHS, LINA ROJAS, WILLIAM DURNELL,
DEON DURRANT, MARVIS MARTIN, JALEN DANSBY,
CHIMERE EZUMA, ALI MUKHTAR, ROSE SMITH, and
ELLEN WHITE

|  |  |
|---|---|
| INDEX NO. | 151733/2021 |
| MOTION DATE | 06/13/2024 |
| MOTION SEQ. NO. | 005 |

                        Plaintiffs,

                - v -

656 REALTY LLC, SUCCESSFUL MANAGEMENT CORP.,
SUSAN EDELSTEIN,

**DECISION + ORDER ON
MOTION**

                        Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 116, 117, 118, 119,
120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140,
141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161,
162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 264, 265, 266, 267, 268, 269,
270, 274, 275, 282

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER         .

Upon the foregoing documents, and after a final submission date of April 11, 2025,

Defendants 656 Realty LLC ("656 Realty"), Successful Management Corp. ("Successful

Management"), and Susan Edelstein's ("Edelstein") (collectively "Defendants") motion for

summary judgment dismissing the first, third, fourth, fifth, and eighth causes of action in Plaintiffs

656 West 162nd St. Tenants Association, Santa Naut ("Naut"), Lucia Ortega ("Ortega"), Kate Gill

("Gill"), Denise Marte ("Marte"), Peter Friedrichs ("Friedrichs"), Lina Rojas ("Rojas"), William

Durnell ("Durnell"), Deon Durrant ("Durrant"), Marvis Martin ("Martin"), Jalen Dansby

("Dansby"), Chimere Ezuma ("Ezuma"), Ali Mukhtar ("Mukhtar"), Rose Smith ("Smith") and

Ellen White's ("White") (collectively "Plaintiffs") Amended Complaint is granted in part and

denied in part.

## I.    Background

Plaintiffs are tenants in the building at 656 W. 162nd Street, New York, New York (the "Building"). The Building is owned by Defendant 656 Realty and is managed by Defendant Successful Management. Ms. Edelstein is the principal of 656 Realty and Successful Management, and it is alleged that Ms. Edelstein exercises complete control over those entities, while disregarding required corporate formalities. Plaintiffs further allege that Defendants engaged in a fraudulent scheme to inflate the legal regulated rent of rent stabilized units to deregulate rent stabilized apartments via the previously applicable threshold for luxury deregulation. As part of this scheme, Plaintiffs allege that Defendants have claimed hundreds of thousands of dollars of individual apartment improvements to raise the rent, despite there being no corresponding New York City Department of Building records corroborating those improvements.

Ms. Edelstein, via other non-party corporate entities, owns and manages various other residential real estate buildings in New York City. Ms. Edelstein was married to non-party Michael Cagen from 2004 until their separation in 2014 (NYSCEF Doc. 179 at 26). Mr. Cagen, through his company Double Diamond, allegedly performed individual apartment improvements in the Building until 2014 (NYSCEF Doc. 179 at 82-83). Mr. Cagen was the sole owner of Double Diamond, and Mr. Cagen and Ms. Edelstein, who were married at the time, purportedly negotiated with one another the price of apartment renovations (NYSCEF Doc. 179 at 85). Another company involved in apartment renovations was Affordable Construction, which was created by Edwin Algarin, Successful Management's Property Manager from 2008 to 2018. In 2022, Mr. Algarin testified in a separate proceeding that during his tenure working for Defendants he "witnessed the

landlord engage in a deliberate pattern of behavior with the sole goal of deregulating as many units as possible" (NYSCEF Doc. 183).[1]

Plaintiffs have produced an expert affirmation from Christopher J. Leahy, a licensed New York City general contractor and New York City landlord who has worked on many residential renovation projects (NYSCEF Doc. 252). Mr. Leahy inspected the apartments at issue and opined the claimed individual apartment improvements were inflated or non-existent. According to Ms. Edelstein, some of the records they maintained were removed or destroyed by Mr. Algarin, who allegedly did not have authority to do this and was terminated as a result (NYSCEF Doc. 119 at ¶ 14). Ms. Edelstein further testified that the apartment improvements were negotiated "at arm's length" and Mr. Diaz provided testimony and records which purport to evidence the individual apartment improvements at issue.

Defendants now move for summary judgment dismissing Plaintiffs' first, third, fourth and fifth causes of action alleging rent overcharge and fraud, and Plaintiffs' eighth cause of action alleging a violation of U.S.C. § 4852d. Plaintiffs oppose the motion except for dismissal of the eighth cause of action alleging a violation of U.S.C. § 4852d.[2] Therefore, the eighth cause of action is dismissed as abandoned.

## II. Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-

---

[1] Mr. Algarin was a defendant in a non-payment proceeding captioned *601 West Realty, LLC v. Algarin*, Index No. LT-078379-18. 601 West Realty, LLC is apparently another company owned by Ms. Edelstein.
[2] This statute requires landlords to disclose information about lead-based paint hazards to tenants.

**151733/2021   656 WEST 162ND ST TENANTS vs. 656 REALTY LLC**                    **Page 3 of 6**
**Motion No.  005**

moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

As a preliminary matter, Defendants' argument that to pierce the four-year look back period Plaintiffs need to establish the elements of common-law fraud is belied by recent Court of Appeals and First Department precedent. The Court of Appeals has now clarified that the common law elements of fraud are not required to pierce the four-year look back period – the fraud exception applies where the totality of the circumstances establish sufficient indicia of a "fraudulent scheme to evade the protections of the rent stabilization law" (*Burrows v 75-25 153rd Street, LLC*, — NE3d —, 2025 Slip Op 01669 at *3 [2025]). Defendants' motion, therefore, which is premised on a no longer relevant common-law fraud analysis, must be denied (*see Reichenbach v Jacin Investors Corp.*, 237 AD3d 446, 449 [1st Dept 2025]).

When analyzed under the correct standard, the record contains sufficient indicia of fraud to pierce the four year look back period. While Defendants are correct that a historical rent spike alone is insufficient to establish a colorable claim of fraud, Plaintiffs have set forth more evidence than mere rent spikes. Indeed, there is a sworn statement in the record from Defendants' former employee that Defendants engaged in a deliberate scheme to deregulate as many units in their buildings as possible. Moreover, Defendants relied on companies owned by employees and Ms. Edelstein's spouse to carry out the alleged individual apartment increases. Although Ms. Edelstein asserts that the expenditures for such increases were negotiated at "arm's length" the incredibly close and dependent relationships between the contractors and the Defendants raise credibility issues.

Whether the individual apartment improvements took place at all or were artificially inflated is further put at issue by Plaintiffs' expert. There is also a complete absence of Department of Building records corroborating the allegedly hundreds of thousands of dollars in individual apartment improvements. There is further evidence of fraud based on Defendants' failure to include in their leases an explanation for rent increases based on individual apartment improvements. While each of these alone may be insufficient to raise a colorable claim of a fraudulent scheme to deregulate, when considering the totality of the circumstances, there is sufficient indicia of a fraudulent scheme to overcharge and deregulate to pierce the four-year look back period (*see also Cox v 36 S Oxford St, LLC*, 237 AD3d 604, 606 [1st Dept 2025]).

Moreover, the central issue in this case is whether individual apartment improvements took place, or if they did take place, were fraudulently inflated, for the purpose of deregulating units and/or overcharging tenants. The question of whether individual apartment improvements took place or if the expenditure for those improvements was fraudulently inflated is typically a question to be resolved by the factfinder "based on the persuasive force of the evidence submitted by the parties" (*Jemrock Realty Co., LLC v Krugman*, 13 NY3d 924, 926 [2010]; *see also Ampim v 160 E. 48th Street Owner II LLC*, 208 AD3d 1085, 1086-87 [1st Dept 2022]).  Here, there is a plethora of conflicting testimony and evidence, as well as a multitude of credibility issues which require a trial on whether Defendants actually engaged in a fraudulent scheme to overcharge and deregulate (*see also 435 Central Park West Tenant Association v Park Front Apartments, LLC*, 183 AD3d 509, 510-11 [1st Dept 2020]). Therefore, based on the conflicting evidence and need for credibility determinations, Defendants' motion for summary judgment dismissing Plaintiffs' first, third, fourth and fifth causes of action alleging rent overcharge and fraud is denied (*see also Davis v Graham Court Owners Corp.*, 211 AD3d 629, 630 [1st Dept 2022] [finding of fraudulent scheme

to deregulate apartment by claiming fictional individual apartment improvements rests largely on credibility determinations]).

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment is granted solely to the extent that Plaintiffs' eighth cause of action alleging a violation of U.S.C. § 4852d is dismissed without opposition; and it is further

ORDERED that the remainder of Defendants' motion for summary judgment seeking dismissal of Plaintiffs' first, third, fourth and fifth causes of action alleging rent overcharge and fraud is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/26/2025 | | | | | _My V̇ơb ̃ơ ̃ 9 s c_ | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|---|-------------------------|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 6]