**656 W. 162nd St. Tenants Assn. v 656 Realty LLC**

2025 NY Slip Op 32324(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 151733/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                        PART   33M

*Justice*

------------------------------------------------------------------X

656 WEST 162ND ST TENANTS ASSOCIATION, SANTA
NAUT, LUCIA ORTEGA, KATE GILL, DENISE MARTE,
PETER FRIEDRICHS, LINA ROJAS, WILLIAM DURNELL,
DEON DURRANT, MARVIS MARTIN, JALEN DANSBY,
CHIMERE EZUMA, ALI MUKHTAR, ROSE SMITH and
ELLEN WHITE

Plaintiffs,

- v -

656 REALTY LLC, SUCCESSFUL MANAGEMENT CORP.,
and SUSAN EDELSTEIN,

Defendants.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151733/2021 |
| MOTION DATE | 06/14/2024, |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 271, 272, 273, 276, 277, 278, 279, 280, 281, 283

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Upon the foregoing documents, and after a final submission date of April 11, 2025,

Plaintiffs 656 West 162nd St. Tenants Association, Santa Naut ("Naut"), Lucia Ortega ("Ortega"),

Kate Gill ("Gill"), Denise Marte ("Marte"), Peter Friedrichs ("Friedrichs"), Lina Rojas ("Rojas"),

William Durnell ("Durnell"), Deon Durrant ("Durrant"), Marvis Martin ("Martin"), Jalen Dansby

("Dansby"), Chimere Ezuma ("Ezuma"), Ali Mukhtar ("Mukhtar"), Rose Smith ("Smith") and

Ellen White's ("White") (collectively "Plaintiffs") motion for partial summary judgment seeking

(1) a declaration that Defendants 656 Realty LLC ("656 Realty"), Successful Management Corp.

("Successful Management"), and Susan Edelstein ("Edelstein") (collectively "Defendants")

engaged in a fraudulent overcharge and deregulation scheme in all Plaintiffs' Apartments; (2)

declaring the legal regulated rent for Plaintiffs Naut, Ortega, Gill, Friedrichs, Marte, Rojas, Smith, Durnell, Durrant, Martin, and White must be calculated using the default formula under Rent Stabilization Code § 2522.6, and ordering Defendants to produce all necessary documentation to apply the default formula, and (3) declaring that pursuant to Rent Stabilization Code § 2522.5, the legal regulated rent for Plaintiffs Dansby, Ezuma, and Mukhtar were frozen at the rent registered for the immediately preceding tenant for the duration of their tenancy, is denied.

## I. Background

Plaintiffs are tenants in the building at 656 W. 162nd Street, New York, New York (the "Building"). The Building is owned by Defendant 656 Realty and is managed by Defendant Successful Management. Ms. Edelstein is the principal of 656 Realty and Successful Management, and it is alleged that Ms. Edelstein exercises complete control over those entities, while disregarding required corporate formalities. Plaintiffs further allege that Defendants engaged in a fraudulent scheme to inflate the legal regulated rent of rent stabilized units to deregulate rent stabilized apartments via the previously applicable threshold for luxury deregulation. As part of this scheme, Plaintiffs allege that Defendants have claimed hundreds of thousands of dollars of individual apartment improvements to raise the rent, despite there being no corresponding New York City Department of Building records corroborating those improvements.

Ms. Edelstein, via other non-party corporate entities, owns and manages various other residential real estate buildings in New York City. Ms. Edelstein was married to non-party Michael Cagen from 2004 until their separation in 2014 (NYSCEF Doc. 179 at 26). Mr. Cagen, through his company Double Diamond, allegedly performed individual apartment improvements in the Building until 2014 (NYSCEF Doc. 179 at 82-83). Mr. Cagen was the sole owner of Double Diamond, and Mr. Cagen and Ms. Edelstein, who were married at the time, purportedly negotiated

with one another the price of apartment renovations (NYSCEF Doc. 179 at 85). Another company involved in apartment renovations was Affordable Construction, which was created by Edwin Algarin, Successful Management's Property Manager from 2008 to 2018. In 2022, Mr. Algarin testified in a separate proceeding that during his tenure working for Defendants he "witnessed the landlord engage in a deliberate pattern of behavior with the sole goal of deregulating as many units as possible" (NYSCEF Doc. 183).[1]

Plaintiffs have produced an expert affirmation from Christopher J. Leahy, a licensed New York City general contractor and New York City landlord who has worked on many residential renovation projects (NYSCEF Doc. 252). Mr. Leahy inspected the apartments at issue and opined the claimed individual apartment improvements were inflated or non-existent. According to Ms. Edelstein, some of the records they maintained were removed or destroyed by Mr. Algarin, who allegedly did not have authority to do this and was terminated as a result (NYSCEF Doc. 119 at ¶ 14). Ms. Edelstein further testified that the apartment improvements were negotiated "at arm's length" and Mr. Diaz provided testimony and records which purport to evidence the individual apartment improvements at issue.

Plaintiffs now move for summary judgment seeking (1) a declaration that Defendants engaged in a fraudulent overcharge and deregulation scheme in all Plaintiffs' apartments; (2) declaring the legal regulated rent for Plaintiffs Naut, Ortega, Gill, Friedrichs, Marte, Rojas, Smith, Durnell, Durrant, Martin, and White must be calculated using the default formula under Rent Stabilization Code § 2522.6, and ordering Defendants to produce all necessary documentation to apply the default formula, and (3) declaring that pursuant to Rent Stabilization Code § 2522.5, the

---

[1] Mr. Algarin was a defendant in a non-payment proceeding captioned *601 West Realty, LLC v. Algarin*, Index No. LT-078379-18. 601 West Realty, LLC is apparently another company owned by Ms. Edelstein.

**151733/2021  656 WEST 162ND ST TENANTS vs. 656 REALTY LLC**
**Motion No. 006**

Page 3 of 6

legal regulated rent for Plaintiffs Dansby, Ezuma, and Mukhtar were frozen at the rent registered for the immediately preceding tenant for the duration of their tenancy. Defendants oppose.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The first branch of Plaintiffs' motion, which seeks a declaration that Defendants engaged in a fraudulent overcharge and deregulation scheme in all Plaintiffs' apartments is denied. As a preliminary matter, the Court finds there is sufficient indicia of fraud to warrant piercing the four-year look back period. Contrary to Defendants' contention, the Court of Appeals has now clarified that the common law elements of fraud are not required to pierce the four-year look back period – the fraud exception applies where the totality of the circumstances establish sufficient indicia of a "fraudulent scheme to evade the protections of the rent stabilization law" (*Burrows v 75-25 153rd Street, LLC,* — NE3d —, 2025 Slip Op 01669 at *3 [2025]).

While Defendants are correct that a historical rent spike alone is insufficient to establish a colorable claim of fraud, Plaintiffs have set forth more evidence than mere rent spikes. Indeed, there is a sworn statement in the record from Defendants' former employee that Defendants engaged in a deliberate scheme to deregulate as many units in their buildings as possible.

Moreover, Defendants relied on companies owned by employees and Ms. Edelstein's spouse to carry out the alleged individual apartment increases. Although Ms. Edelstein asserts that the expenditures for such increases were negotiated at "arm's length" the incredibly close and dependent relationships between the contractors and the Defendants raise credibility issues. Whether the individual apartment improvements took place at all or were artificially inflated is compounded by Plaintiffs' expert opinion. There is also a complete absence of Department of Building records corroborating the allegedly hundreds of thousands of dollars in individual apartment improvements. Based on the foregoing, the totality of the circumstances establish the requisite indicia of a fraudulent scheme to overcharge and deregulate (*see also Cox v 36 S Oxford St, LLC*, 237 AD3d 604, 606 [1st Dept 2025]).

However, while Plaintiffs have set forth sufficient indicia of fraud, there are triable issues of fact preventing summary judgment. The central issue in this case is whether individual apartment improvements took place, or if they did take place, were fraudulently inflated, for the purpose of deregulating units and/or overcharging tenants. The question of whether individual apartment improvements took place or if the expenditure for those improvements was fraudulently inflated is typically a question to be resolved by the factfinder "based on the persuasive force of the evidence submitted by the parties" (*Jemrock Realty Co., LLC v Krugman*, 13 NY3d 924, 926 [2010]; *see also Ampim v 160 E. 48th Street Owner II LLC*, 208 AD3d 1085, 1086-87 [1st Dept 2022]). Here, there is a plethora of conflicting testimony and evidence, as well as a multitude of credibility issues which require a trial on whether Defendants engaged in a fraudulent scheme to overcharge and deregulate (*see also 435 Central Park West Tenant Association v Park Front Apartments, LLC*, 183 AD3d 509, 510-11 [1st Dept 2020]). Therefore, based on the conflicting evidence and need for credibility determinations, this branch of Plaintiffs' motion for summary

[* 5]

judgment is denied (*see also Davis v Graham Court Owners Corp.*, 211 AD3d 629, 630 [1st Dept 2022] [finding of fraudulent scheme to deregulate apartment by claiming fictional individual apartment improvements rests largely on credibility determinations]).

Because there has not yet been a definitive finding of a fraudulent scheme to overcharge and deregulate, the portion of the motion which seeks the application of the default formula under Rent Stabilization Code § 2522.6 to determine the legal regulated rent for Plaintiffs Naut, Ortega, Gill, Friedrichs, Marte, Rojas, Smith, Durnell, Durrant, Martin, and White's apartments is denied, without prejudice, as premature.

Likewise, as there has been some documentation produced regarding renovations in the amount of at least $44,000 to Dansby, Ezuma, and Mukhtar's, there are issues of fact regarding the legal regulated rent which prevent granting these tenants summary judgment. Therefore, the branch of Plaintiffs' motion seeking a declaration that pursuant to Rent Stabilization Code § 2522.5, the legal regulated rent for Plaintiffs Dansby, Ezuma, and Mukhtar were frozen at the rent registered for the immediately preceding tenant for the duration of their tenancy, is denied.

Accordingly, it is hereby,

ORDERED that Plaintiffs' motion for summary judgment is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 7/1/2025 | | | | | | *Mary V Rosado* JSC | |
|----------|--|--|--|--|--|------------------------|--|
| **DATE** | | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | **x** | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|-------|-----------------------|--|--|
| | | GRANTED | **x** DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]