Maddicks v 106-108 Convent BCR, LLC

2026 NY Slip Op 02206

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Theresa Maddicks, et al., Plaintiffs-Appellants,

v

106-108 Convent BCR, LLC, et al., Defendants-Respondents.

Decided and Entered: April 14, 2026

Index No. 656345/16|Appeal No. 6365|Case No. 2025-02962|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for appellants.

Belkin, Burden, Goldman, LLP, New York (Matthew S. Brett of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about April 29, 2025, which, to the extent appealed from, denied plaintiffs' motion for an order finding that defendants engaged in a methodical attempt to illegally inflate plaintiffs' rents, and for the appointment of a special referee, unanimously affirmed, with costs, without prejudice to plaintiffs' ability to file a motion for summary judgment pursuant to CPLR 3212.

Plaintiffs moved under CPLR 906(1) for a declaration, as a matter of law, that they were the victims of a rent overcharge scheme. However, CPLR 906(1) is not a vehicle for issue determination. Rather than dismissing plaintiff's motion, the court elected to treat it as a motion for summary judgment. In order to prevail, plaintiffs were required to lay bare their proof (see CPLR 3212[b]), which they failed to do.

Although plaintiffs properly submitted certain evidence, including the certified rent rolls from the New York State Division of Housing and Community Renewal which they submitted based on an attorney affirmation, they failed to present the relevant leases and other documents which would have allowed the court to perform a full documentary analysis of the available records relating to individual apartment improvements. Their failure to do so deprived the court of the ability to determine whether plaintiffs met their prima facie burden to eliminate questions of fact (see Reichenbach v Jacin Invs. Corp., 237 AD3d 446, 447 [1st Dept 2025], lv dismissed 44 NY3d 1022 [2025]).

As a result, plaintiffs did not eliminate all possible bases for deregulation or establish the impropriety of the rent increases with respect to any individual apartment. Although plaintiffs' charts summarizing the evidence they had obtained in discovery to date may prove useful in the ultimate resolution of the case or in further proceedings, judgment as a matter of law would require the submission of the underlying documents from which the charts were created in order to determine the legal regulated rent on the base date and its reliability, together with the relevant legal rent increases for each apartment (see Casey v Whitehouse Estates, Inc., 39 NY3d 1104, 1107 [2023]).

[*2]

Nevertheless, this action had been pending for more than eight years when the instant motion was filed, and defendants had not produced many of the relevant records, particularly those supporting pre-base date deregulations. The motion court's extension of the discovery deadline for defendants to produce the relevant documents or be precluded from offering them may permit plaintiffs to move for summary judgment on a complete record. That motion may be supported by counsel affirmation only, provided that the documents supporting the motion are in admissible form (see generally Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Facts that cannot be established through irrefutable documentary evidence, however, must be supported by an affidavit or affirmation by an affiant with personal knowledge of the facts.

The motion court relied on Thomas v 560-566 Hudson LLC (219 AD3d 1193 [1st Dept 2023]) and Tribbs v 326-338 E 100th LLC (215 AD3d 480 [1st Dept 2023]) to deny plaintiff's motion because it lacked affidavits by tenants or other persons with personal knowledge. However, those cases are inapposite for two reasons. First, those cases address the proof required for a court to find, on a summary judgment motion, that it should apply the default formula to determine rent overcharges because the landlord engaged in a fraudulent scheme. However, plaintiffs in this case do not seek application of the default formula for a majority of the plaintiffs.FN1

Second, to the extent that plaintiffs seek application of the default formula for some tenants, Tribbs and Thomas were decided before the Legislature enacted Section 4 of the Session Laws of 2024, which clarified that, upon a colorable claim that an owner has engaged in a fraudulent scheme, the court shall determine "whether the owner knowingly engaged in such fraudulent scheme after a consideration of the totality of the circumstances," without requiring the tenant to establish the elements of common law fraud (L 2024, ch 95; see also Burrows v 75-25 153rd St., LLC, 44 NY3d 74, 83 [2025]). Since tenants do not have to prove reliance to establish a fraudulent scheme as courts previously required (see Thomas, 219 AD3d at 1194), an affidavit by a tenant is not necessarily required to establish summary judgment on a fraudulent scheme claim (see also Grey v LIC Dev. Owner, L.P., __ AD3d __, 2026 NY Slip Op 01458, *3 [1st Dept 2026]).

[*3]

Finally, plaintiffs urge that the motion court should not have found that plaintiffs were required to establish defendants' "intent" with respect to engaging in a fraudulent scheme. As plaintiffs' correctly assert, the 2024 amendments to the rent laws expressly require that the owner "knowingly engaged" in the fraudulent scheme (L 2024 ch 95). As we explained in Alekna v 207-217 W. 110 Portfolio Owner LLC (241 AD3d 414 [1st Dept 2025]), our holding that "fraud in the regulatory context generally means 'consciously and knowingly charg[ing] . . . improper rent' is consonant with 'the intent of the legislature to discourage and penalize fraud against the rent regulatory system itself, as well as against individual tenants'" (id. at 417, quoting Matter of Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal, 35 NY3d 332, 356 n 7 [2020]). In further proceedings, plaintiffs' burden is to establish that defendants "knowingly engaged in a fraudulent scheme to deregulate a unit" (L 2024, ch 95).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026

Footnotes

Footnote 1: For most of the tenants, plaintiffs seek a rent freeze under Rent Stabilization Law § 26-517(e), either because proper registrations were not filed or because the landlord's alleged misconduct occurred after the base date.