344 Bowery Retail LLC v Vazquez
2026 NY Slip Op 50927(U)
June 15, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Rent Regulation-Rent Overcharge Counterclaim in Nonpayment Summary Proceeding-Ample Need for Discovery

344 Bowery Retail LLC, Centurian Credit Corp., and I & G Partner, Petitioners-Respondents,
v
Michael Vazquez, Respondent-Appellant, and John Doe/Jane Doe, Respondents.

Supreme Court, Appellate Term, First Department
Decided on June 15, 2026
570518/26
Present: Tisch, J.P., Perez, Alpert, JJ.

Tenant, as limited by his brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), dated February 9, 2026, as denied his motion for leave to conduct discovery on his rent overcharge counterclaim in a nonpayment summary proceeding.
[*1]
Per Curiam.
Order (Daniele Chinea, J.), dated February 9, 2026, reversed, with $10 costs, tenant's motion granted and matter remanded for further proceedings consistent herewith.
Whether pre-HSTPA or post-HSTPA law applies to tenant's rent overcharge counterclaim, tenant's submissions were sufficient to establish "ample need" for discovery. As demonstrated by tenant in his motion, the rent registration records for tenant's class "B" single room occupancy (SRO) unit shows substantial and unexplained increases in the registered rent from year to year, including, among other things, a nearly 400% increase within a three-year period, followed by several 20% increases. At this juncture, these submissions were sufficient to warrant discovery as to whether there was a fraudulent rent overcharge scheme (see Maddicks v 106-108 Convent BCR, LLC, — AD3d —, 2026 NY Slip Op 02206 [2026]; 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509 [2020]), that tainted the reliability of the base date rent (see 435 Cent. Park W. Tenant Assn. v Park Front Apts. LLC, 183 AD3d 509), or whether the rent history is unreliable (see Matter of West Pierre Assoc. LLC v Harvey, 241 AD3d 413 [2025]).
However, since the discovery demands are overbroad, we remand the matter to Civil Court to limit the scope of discovery it deems proper.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 15, 2026